**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-6018-17T4

SHELLY Z. LIPKA,

      Plaintiff-Appellant,

v.

STATE OF NEW JERSEY,

      Defendant-Respondent.

_____

           Argued October 10, 2019 – Decided October 21, 2019

           Before Judges Fuentes, Haas and Mayer.

           On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-8943-16.

           Julian Wilsey argued the cause for appellant (Franzblau Dratch, PC, attorneys; Julian Wilsey, on the brief).

           Michael R. Sarno, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Michael R. Sarno, on the brief).

PER CURIAM

Plaintiff Shelly Z. Lipka appeals from the trial court's July 20, 2018 orders dismissing her complaint seeking the return of approximately 100 pieces of jewelry seized by the State during the execution of a search warrant, granting the State's motion for partial summary judgment, and denying plaintiff's motion for summary judgment. Because the State recently returned all the jewelry it had in its possession to plaintiff, we dismiss the appeal as moot.

In order to provide context, we briefly recite the most pertinent portions of the procedural history and facts of this case. On July 27, 2016, the State executed a search warrant at plaintiff's home in connection with her arrest that day on tax evasion charges. During the course of that search, the State seized the jewelry it found in a safe maintained by plaintiff and her husband.

Five months later, plaintiff filed a complaint in the Law Division, Essex County,[1] and demanded that the State return the jewelry because she allegedly acquired it before any of the incidents involved in the criminal charges occurred. Plaintiff argued she needed to sell the jewelry to obtain funds to retain an attorney and that the State, by refusing to return these items to her, was violating her Fifth and Sixth Amendment right to counsel of her choice.

---

[1] The criminal action was venued in Morris County under Indictment No. 18-07-00110-S.

A-6018-17T4

Thereafter, plaintiff submitted documentation in support of her claim, and the State made the jewelry available for inspection by plaintiff. Following that inspection, plaintiff alleged there were three additional pieces of jewelry that were in the safe that were not included in the inventory the State showed her. The State asserted that it had never seized these three items and did not have them in its possession.

The State filed a motion to dismiss plaintiff's complaint, and the parties also filed cross-motions for summary judgment. Following oral argument, the judge dismissed the complaint, granted the State's motion for partial summary judgment, and denied plaintiff's motion for summary judgment. The judge did not make any findings of fact or conclusions of law concerning the parties' respective arguments concerning the jewelry, including plaintiff's assertion that the State seized three additional pieces of jewelry that were now missing, and the State's denial of that claim. Instead, the judge stated that the dispute should be heard by the Criminal Division judge in Morris County, who was familiar with the issues involved in the ongoing prosecution of that case.

Plaintiff filed a notice of appeal to this court from the judge's determination. At the same time, however, she heeded the judge's suggestion that she pursue her quest for the return of the jewelry in the Morris County

3

action, and filed a motion seeking this relief in that matter. Once again, plaintiff alleged that she needed the jewelry returned so she could sell it to fund her defense in the criminal case. On May 21, 2019, the Morris County judge ordered plaintiff to provide "an accounting of her financial status as a predicate to relief[.]" Plaintiff filed a motion for reconsideration, which the judge denied on August 14, 2019.

Plaintiff filed a motion for leave to appeal the judge's decisions to this court.[2] However, the parties then resolved their differences when the State agreed to return all the jewelry it had in its possession to plaintiff. In turn, plaintiff withdrew her motion for leave to appeal, and she will no longer pursue her motion to compel the return of the jewelry in Morris County.

With this development, this matter is now obviously moot. "A case is moot if the disputed issue has been resolved, at least with respect to the parties who instituted the litigation." Caput Mortuum, L.L.C. v. S&S Crown Servs., Ltd., 366 N.J. Super. 323, 330 (App. Div. 2004). "[C]ontroversies which have become moot or academic prior to judicial resolution ordinarily will be dismissed." Cinque v. N.J. Dep't of Corr., 261 N.J. Super. 242, 243 (App. Div. 1993). Dismissal for mootness is appropriate where "a judgment cannot grant

---

[2] Docket No. AM-0728-18.

effective relief, or there is no concrete adversity of interest between the parties." Caput Mortuum, 366 N.J. Super. at 330. A court may consider events that occur subsequent to the filing of appeal in determining that an appeal is moot. Ibid. (holding that the appeal was moot after the court was advised at oral argument that the controversy had been resolved subsequent to the filing of the appeal).

Because the State has agreed to return all the jewelry it had in its possession to plaintiff, which was the only relief she sought in her complaint in this matter, we dismiss the appeal as moot.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-6018-17T4